IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| ANDREW FULLMAN | : | CIVIL ACTION | |
| v. | : | | |
| CITY OF PHILADELPHIA, et al. | : | NO. 17-2673 | |

FILED
JUL 3 1 2017
KATE BARKMAN, Clerk
By_____Dep. Clerk

MEMORANDUM

ROBRENO, J.                                                                 JULY 31, 2017

Plaintiff Andrew Fullman brings this civil action pursuant to 42 U.S.C. § 1983, against the City of Philadelphia and others based on an alleged wrongful conviction and the police department's unrelated failure to investigate certain recent crimes that plaintiff reported. Plaintiff seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint.

I.      FACTS[1]

Plaintiff was convicted of aggravated assault and gun-related offenses in 1987, for having shot at Bruce Beatty in the course of an interaction between the two men. *See Commonwealth v. Fullman*, Docket No. CP-51-CR-1124071-1986 (Phila. Ct. of Common Pleas). Plaintiff alleges that, although he displayed his gun after Beatty attacked him with a baseball bat, he never shot at Beatty in the course of the incident. Plaintiff was convicted based in part on the trial testimony of Officer Johnnie Carter, who testified that she observed a mark at the scene that was consistent with a bullet ricochet mark. Officer Carter testified that she could characterize the mark based on her experience having seen bullet ricochet marks at the Police Academy firing range.

---

[1] The following facts are taken from the complaint, exhibits attached to the complaint, and the docket for plaintiff's underlying conviction.

1

cc: A. Fullman

Plaintiff was sentenced to a term of five to ten years of imprisonment, which he has served in full.

It appears that plaintiff filed a petition for post-conviction relief in 2011 based on newly discovered evidence "of police perjury and falsification of evidence." (Compl. Ex. E-2 at 2, ¶ 5.) Specifically, plaintiff learned that Officer Carter had been "discharged for unprofessional behavior, corruption, and for committing perjury regarding her testimony about observing bullet ricochet marks at the Philadelphia Police Academy, which was impossible due to the layout and rubber backstop the Academy used to catch bullets." (*Id.* at 7.) The judge presiding over the case denied the petition because the fact plaintiff had finished serving his sentence precluded him from obtaining relief under Pennsylvania's Post-Conviction Relief Act (PCRA).

Plaintiff filed a second petition for post-conviction relief on November 28, 2016, following his discovery on October 14, 2016 of allegedly exculpatory evidence including "Officer Carter's admittance to instructing Bruce Beatty to deny having a baseball bat [at the time of the incident] and instructing [Beatty] to change his *preliminary hearing testimony* that he initially saw the bullet mark on the sidewalk, to testifying at the *trial* that he saw the bullet mark on the street so it would be consistent with Officer Carter's false testimony to create false concrete evidence of a shooting to have [plaintiff] falsely convicted." (Compl. Ex. E-2 at 7.) As with his first petition, plaintiff's second petition was dismissed because he had already served his sentence.

In his complaint in the instant civil action, plaintiff alleges that the Philadelphia Police Department and Philadelphia District Attorney "maliciously withheld exculpatory evidence regarding his criminal case to win their false charges against him and to conceal prosecutorial misconduct, conspiracy, corruption and obstruction of justice in the case." (Compl. at 2, ¶ 10.) As in his petition for post-conviction relief, plaintiff contends that Officer Carter falsely testified

2

against him at trial to frame him for a shooting that did not occur. He believes that he was framed because he is African-American and homosexual. Plaintiff attached to his complaint a copy of his second post-conviction petition and an affidavit of a police officer who attested that he attended the Police Academy in May of 2000, and that the layout of the firing range makes it impossible for there to be bullet ricochet marks. Plaintiff also alleges that the PCRA is unconstitutional because it does not provide a basis for him to challenge his conviction now that he has finished serving his sentence.

Unrelated to his criminal conviction, plaintiff witnessed two shootings in May and August of 2014. Plaintiff reported the crimes, but the Philadelphia Police Department was allegedly unwilling to investigate and Seth Williams, the Philadelphia District Attorney at the time, was allegedly unwilling to prosecute the perpetrators despite knowing their identities. Plaintiff further alleges that police officers covered up evidence of the shooting, and that the Internal Affairs Division failed to investigate the cover-up. Exhibits to the complaint reflect that the Internal Affairs Division conducted an investigation in response to plaintiff's concerns and determined that plaintiff's allegations were unfounded. Plaintiff also alleges that certain police officers informed one of the shooters that he had given a statement, and that the alleged shooter "harassed and intimidated" plaintiff for having given that statement to the police. (Compl. at 6, ¶ 42.) Letters attached to the complaint suggest that plaintiff believes his statement was shown to the perpetrators in retaliation for plaintiff having filed complaints against the police.

Based on the facts above, plaintiff initiated this civil action, pursuant to 42 U.S.C. § 1983, against the City of Philadelphia, the Philadelphia Police Department and its Internal Affairs Division, the Philadelphia District Attorney (by which plaintiff appears to mean the District Attorney's Office), Seth Williams (until recently the Philadelphia District Attorney), Barbara

3

McDermott (at the time the Assistant District Attorney who prosecuted plaintiff), and Richard Ross, Jr (Commissioner of the Philadelphia Police Department). He primarily seeks damages. He also asks the Court to "[o]rder the [Police] Department and Philadelphia District Attorney to properly investigate" the 2014 shootings. (Compl. at 7, ¶ 49.)

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* The Court may also consider matters of public record and exhibits attached to the complaint. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Claims Against Departments of the City of Philadelphia

Plaintiff's claims against the Philadelphia Police Department, the Internal Affairs Division, and the Philadelphia District Attorney's Office must be dismissed because those entities are not separately suable from the City of Philadelphia. *See Reitz v. Cnty. of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997); *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780 (E.D. Pa. 2005); *see*

4

*also* 53 Pa. Cons. Stat. Ann. § 16257. Accordingly, the Court will dismiss any claims against those entities and construe them as having been brought against the City of Philadelphia, which is also a defendant in this matter.

### B. Claims Based on Plaintiff's Conviction and Imprisonment

Plaintiff cannot state a cognizable claim based on his allegations that Officer Carter falsely testified against him at trial and conspired with Beatty to frame him for a shooting that did not occur. In *Heck v. Humphrey*, the Supreme Court held that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Accordingly, "a section 1983 action for damages [based on unconstitutional conviction and imprisonment] must be dismissed unless there was no conviction or sentence or the plaintiff can demonstrate that a conviction or sentence has already been invalidated." *Curry v. Yachera*, 835 F.3d 373, 378 (3d Cir. 2016) (internal quotations, citations, and alteration omitted).

Here, plaintiff alleges that Officer Carter conspired with Beatty to frame him for a shooting that did not take place and that he was arrested, prosecuted, and convicted based on Officer Carter's false police report and false testimony. However, success on those allegations would necessarily imply the invalidity of plaintiff's intact convictions. *See Skinner v. Switzer*, 562 U.S. 521, 536 (2011) ("[A] *Brady* claim, when successful postconviction, necessarily yields evidence undermining a conviction."). The Court appreciates that plaintiff lacks the ability to challenge

5

his convictions under Pennsylvania's Post-Conviction Relief Act or by filing a petition for a writ of *habeas* corpus. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989) ("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."); *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997) ("The statute clearly contemplates that the petitioner will be serving a sentence at both the pleading and proof stages of the proceeding."). However, that reality does not alter the conclusion that *Heck* renders plaintiff's claims non-cognizable while his convictions remain intact.[2] *See Williams v. Consovoy*, 453 F.3d 173, 179 (3d Cir. 2006) (claims that are otherwise barred by *Heck* are not cognizable merely because *habeas* relief is no longer available). In the event plaintiff manages to successfully invalidate his convictions in the future, he may reassert his claims.[3]

Plaintiff's challenges to the constitutionality of the PCRA are cognizable in a § 1983 action. *See Skinner*, 562 U.S. at 534. Notably, the Pennsylvania Supreme Court has rejected an argument that the PCRA is unconstitutional for failing to provide post-conviction relief to individuals who have served their sentences, holding that "[b]ecause individuals who are not serving a state sentence have no liberty interest in and therefore no due process right to collateral review of that sentence, the statutory limitation of collateral review to individuals serving a

---

[2] In any event, Barbara McDermott is entitled to absolute prosecutorial immunity from plaintiff's claims because she is being sued for acts she took in the course of prosecuting the Commonwealth's case against plaintiff. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case").

[3] "[T]he statute of limitations [on *Heck*-barred claims] begins to accrue when the termination of criminal proceedings becomes favorable; that is, when 'the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.'" *Curry*, 835 F.3d at 379 (quoting *Heck*, 512 U.S. at 487).

6

sentence of imprisonment, probation, or parole is consistent with the due process prerequisite of a protected liberty interest." *Com. v. Turner*, 80 A.3d 754, 766 (Pa. 2013). This Court need not address the merits of plaintiff's challenge, however, because none of the defendants whom he sued are appropriate defendants for purposes of bringing such a claim.

### C. Failure to Investigate 2014 Shooting Incidents and Prosecute Perpetrators

Plaintiff cannot state a claim based on any failure to investigate the 2014 shootings and arrest and prosecute the perpetrators. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Furthermore, "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (quotations omitted). Accordingly, plaintiff cannot bring any claims based solely on alleged failures of individuals in the police department and District Attorney's Office to investigate, arrest, and prosecute criminals, even if he personally reported the crimes. *See Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (per curiam) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual."). In any event, Seth Williams is entitled to absolute immunity from § 1983 claims for damages based on any involvement he had as District Attorney in whether the office would prosecute charges in the cases in question. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009).

To the extent plaintiff is raising a retaliation claim or a claim based on the disclosure of his statement, he has not stated a claim against the named defendants.[4] "Because vicarious liability

---

[4] This is not the first time that plaintiff has claimed to be a victim of retaliation. *See Fullman v. City of Philadelphia*, No. CV 10-1536, 2016 WL 7383194, at *11 (E.D. Pa. Dec. 20, 2016).

7

is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. The complaint fails to explain how any of the named defendants were responsible for any alleged constitutional violations related to the 2014 shootings, whether due to their own misconduct or their deliberate indifference to known deficiencies in a policy or procedure that violated plaintiff's rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds, Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Plaintiff has also failed to state a claim against the City, because he has not identified a municipal policy or custom that led to any violation of his rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will not be given leave to amend his claims that are barred by *Heck* because amendment would be futile, although he may refile those claims if his convictions are ever invalidated. However, plaintiff may file an amended complaint as to his other claims in the event he can state a plausible basis for relief. An appropriate order follows.