Andrew Fullman
810 Arch Street Apt. 304
Philadelphia, PA 19107
Cell: (610) 457-9498
E-mail: Andrewf816@gmail.com

Pro Se. Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW FULLMAN, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF PHILADELPHIA, | ) | |
| UNITED STATES OF AMERICA | ) | |
| POLICE COMMISSIONER RICHARD ROSS, JR., | ) | |
| EILEEN A. BONNER, | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | No. 17-2673 |

## PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF PHILADELPHIA AND RICHARD ROSS JR., MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Plaintiff filing this response to Defendants, City of Philadelphia and Richard Ross' Motion for Summary Judgment. Plaintiff aver as follows:

Plaintiff stands by his Complaints that Defendant City of Philadelphia and Richard Ross knowingly, maliciously, and intentionally disclosed that Plaintiff submitted a witness statement stating that he witnessed Hikeem Harmony walk to the corner of 15th & Thompson Streets and recklessly fire his automatic handgun thus causing significant damage to a neighbor's house and a car. This was also reported to the Philadelphia 911 Police Dispatcher by Plaintiff and his neighbor. This matter, alleged retaliatory conduct which occurred after the protected activity, among other matters complained of in his Complaints are in dispute which does not entitle Defendants to summary judgment.

WHEREFORE, Plaintiff Fullman prays for an order denying Defendant's Motion for Summary Judgment as to all claims.

Respectfully Submitted,

Andrew Fullman
Pro Se Plaintiff

Andrew Fullman
810 Arch Street Apt. 304
Philadelphia, PA 19107
Cell: (610) 457-9498
E-mail: Andrewf816@gmail.com

Pro Se. Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW FULLMAN, | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF PHILADELPHIA, | ) | |
| POLICE COMMISSIONER RICHARD ROSS, JR., | ) | |
| EILEEN A. BONNER, | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | No. 17-2673 |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF RESPONSE TO
DEFENDANT BONNER'S MOTION FOR SUMMARY JUDGMENT**

I.   **INTRODUCTION**

Plaintiff Andrew Fullman, properly and rightfully seeks punitive damages by bringing this civil rights action pursuant to 42 U.S.C. § 1983 against the City of Philadelphia and Philadelphia Police Commissioner Richard Ross. Defendants knowingly, maliciously, intentionally, and willfully disclosed Plaintiff's witness statements to two people in two separate crimes which violated his civil and constitutional rights. As clearly stated in Plaintiff's Complaints, the retaliatory conduct occurred after the protected activity. Defendants are not entitled to summary judgment as a matter of law. The Honorable Judge noted during a prior Conference that Plaintiff's Complaints clearly stated that his allegation of retaliatory conduct occurred after the protected activity. Therefore, there are no misleading or misunderstanding facts in the Complaints.

II.   **ARGUMENT**

A.   **Standard on a Motion for Summary Judgment.**

A party may move for summary judgment, identifying each claim or defense-or the part of each claim or defense-on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion. to any material fact and the movant is entitled to judgment as a matter of law. The motion should be denied while the nonmoving party designates specific facts in discovery materials or affidavits showing a genuine material factual issue that can only be resolved by a trial or unless the law does not support the motion. Scott v. Harris, 550 U.S. 372, 378 (2007).

Plaintiff was a witness to two shootings: on May 6, 2014 and on August 19, 2014. The fact is Plaintiff was a witness to one shooting outside his apartment building on May 6, 2014. However, the second shooting on August 19, 2014 was a result of Plaintiff's nephew confessing to him along with an ongoing Philadelphia Police Department cover-up making the news headlines. Plaintiff gave Defendant Bonner a witness statements regarding both shootings and the cover-up of both shootings. Plaintiff and Bonner agreed to a verbal agreement that his statements would remain confidential.

Plaintiff may not have remembered the PPD officer who engaged in the alleged "cover-up" at that time due to his condition. The PPA officer who engaged in the cover-up were Sgt. Shaun Butts and Captain Joseph Fredricksdorf from the 35th Philadelphia Police District. It was Sgt. Shaun Butts, Captain Joseph Fredricksdorf, and the Philadelphia police officer from Internal Affair who interviewed Mark Fullman that alerted Mark Fullman that I had implemented him in the Colonial Street shooting and continue to file complaints. This occurred when Mark Fullman was interviewed regarding his involvement in the Colonial Street shooting. Sgt. Shaun Butts, Eileen Bonner, and the police officer (John Doe) from Internal Affairs conspired to disclose Plaintiff's statement after he complained to Eileen Bonner and other law enforcement regarding the cover-up of the two said related shootings by the same perpetrators. Plaintiff was also threatened to silence his complaints about the shootings. Plaintiff did ask the Honorable Court for permission to add defendants to this action.

Plaintiff alleged that the Defendants conspired and retaliated against him after the protected activity, thus giving Eileen Bonner *witness statements* of two-gun crimes and also complaining to her of discrimination by the Philadelphia Police Department in the covering up of the two shootings. Plaintiff's exercise of the protected activity was a motivating reason for the discrimination, retaliation, and disclosure of his statements to the suspected shooter. It was after the protected activity that his statements were disclosed to the suspected shooter to silence him and prevent him from exercising his constitutional rights in complaining about police misconduct and reporting the cover-up of the two shootings. Plaintiff complained of the cover-up of the two shootings during his interview along with giving witness statement to Defendant Bonner on January 15, 2015. Plaintiff was informed of the leak or disclosure of his witness statements on or about July 25, 2016. Complaining and giving a witness statement to law enforcement during an interview is protected activity. Defense counsel is trying to twist the facts of the Complaints thus claiming that Plaintiff was solely referring to the Complaints he sent to then, Commissioner Ross. Plaintiff clearly stated in part in Paragraph 21 of his Amended Complaint, "Once Plaintiff mentioned the covering up of the shootings, he noticed a change in Defendant Bonner's attitude and the interview ended abruptly." Bonner became very upset at what Plaintiff was stating when asked numerous questions regarding the 2014 Colonial Street shooting. Bonner's action in relaying Plaintiff's statement to Harmon caused adverse action against Plaintiff by forcing him to relocate and getting a reputation as a snitch.

The shooting suspect was not arrested or charged with the crime alleged in Plaintiff's statements and should not have had any knowledge of any witness statement made against him. Bonner acted under color of state law and her conduct deprived Plaintiff of rights secured by the Constitution. According to the Constitution, a witness to a crime has to testify against the individual they are accusing. Plaintiff was denied this opportunity because the Defendants covered up the two shootings.

**B.**      **Plaintiff's Underlying Claims are Actionable at Law**

Plaintiff seeks damages because Eileen Bonner, Sgt. Shaun Butts, and Captain Joseph Fredricksdorf conspired and retaliated against him for giving witness statements regarding two shootings while complaining of the covering up of the shootings.  Commissioner Ross failed to do anything about it after Plaintiff sent him letters with acknowledgement that he received the letters/complaints.

Plaintiff seeks the Court's permission to amend this summary judgment after he received answers to his discovery requests.

Plaintiff's proposed discovery requests are attached hereto as **Exhibits A and B.**

**III.      CONCLUSION**

For the foregoing reasons, judgment in this matter should be entered in favor of the Plaintiff, Andrew Fullman, as a matter of law, pursuant to Fed.R.Civ.P. 56.


Respectfully Submitted,


Andrew Fullman, Plaintiff

Andrew Fullman
810 Arch Street, Apt. 304
Philadelphia, PA 19107
Cell: (610) 457-9498
E-Mail: Andrewf816@gmail.com

Pro Se. Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW FULLMAN, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF PHILADELPHIA, | ) | |
| UNITED STATES OF AMERICA | ) | |
| POLICE COMMISSIONER RICHARD ROSS, JR., | ) | |
| EILEEN A. BONNER, | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | No. 17-2673 |

## CERTIFICATE OF SERVICE

I, Andrew Fullman, hereby certify that on the 29th day of May, 2022, I caused a true and correct copy of

PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF PHILADELPHIA AND RICHARD ROSS, JR., MOTION

FOR SUMMARY JUDGMENT to be served via First Class Mail upon the following:

Jeffrey Mozdziock, Esquire
Deputy Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
(*Attorney for Agent Eileen M. Bonner)

Jonathan Cooper, Esquire
Deputy City Solicitor
1515 Arch Street, 14th Floor
City of Philadelphia Law Department
Philadelphia, PA 19102-1595
(215) 683-5448
(Attorney for Police Commissioner Richard Ross, Jr.)

Andrew Fullman, Plaintiff

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

ANDREW FULLMAN                            )        CIVIL ACTION
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )
                                          )
CITY OF PHILADELPHIA,                     )
POLICE COMMISSIONER RICHARD ROSS, JR.,    )
EILEEN A. BONNER,                         )
JOHN DOE,                                 )
                                          )
            Defendants.                   )        No. 17-2673

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS ADDRESSED TO ALL DEFENDANTS

COMES NOW the Plaintiff, Andrew Fullman, Pro Se., (hereinafter collectively referred to as "Plaintiff") and pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, 29 C.F.R. 1614.109(d), hereby requests ALL Defendants to answer, under oath, the following written Interrogatories and Request For Production of Documents within thirty (30) days after the date of service.

The Interrogatories and document requests are to be deemed continuing, requiring you to submit by way of supplemental answer any additional response and future information that may become known to you or your representative prior to the hearing in this action. The answers should include all information known up to the date of their verification.

N.      If you refuse to produce any requested document pursuant to a claim or privilege, please submit a certified sworn statement setting forth as to each such document: (a) the date and subject matter of the document; (b) the names and business positions of its authors and addressees; (c) all persons to whom copies of the document were directed or to whom its contents were disclosed in whole or in part; (d) all persons whose signatures, initials or other notations appear on the document; and (e) the basis of the privilege claimed.

O.      If you maintain that any document or record requested or that is related to the subject matter of an interrogatory has been destroyed, set forth the content of said document, the location of any copies of said document, the date of such destruction and the name of the persons who ordered or authorized such destruction,

1

Exhibit A

II.      <u>INTERROGATORIES</u>

1)      Set forth in detail as to how Hikeem Harmon obtained detailed knowledge of a *statement* Plaintiff gave Special Agent Eileen A. Bonner regarding Mr. Harmon discharging a black .380-caliber automatic firearm into an occupied house and car around 1500 W. Thompson Street, Philadelphia, Pennsylvania, on or about May 6, 2014.

ANSWER:

2)      Set forth in detail if it was unlawful or against department policy for Agent Bonner to disclose Plaintiff's *witness statement* to the accused shooting suspect who hasn't been arrested or charged with the crime.

ANSWER:

3)      Set forth in detail if it is normal practice for a shooting suspect to obtain detailed knowledge of a *statement* that was given against him regarding a crime involving the unlawful discharge of an unlicensed firearm.

ANSWER:

4)      Set forth in detail if Agent Bonner was within her job duties, rights, laws and department policy to disclose Plaintiff's *statement* to Hakeem Harmon if he <u>was</u> <u>not</u> under arrest for the crime alleged in the statement?

ANSWER:

5)      Set forth in detail if Agent Bonner was within her job duties, laws and department policy to disclose Plaintiff's *witness statements* regarding shootings to Hikeem Harmon's attorney?

ANSWER:

6)      Set forth in detail if it was negligent and/or a violation of state, federal or local laws for Agent Bonner to intentionally disclose Plaintiff's *statement* to Hikeem Harmon, the suspected shooter.

ANSWER:

7)      Set forth in detail whether or not Plaintiff was asked questions about the 2014 Colonial Street shooting during his interview with Eileen Bonner on January 5, 2015?  If so, please explain in full detail.

ANSWER:

8)      Set forth in detail whether or not Plaintiff was asked questions about the May 6, 2014 shooting during his interview with Eileen Bonner on January 5, 2015?  If so, please explain in full detail.

ANSWER:

9)      Set forth in detail if a *witness statement* given voluntarily regarding a crime is protected under any state, federal, statute or local laws if a verbal agreement of confidentiality is made between the two parties?

ANSWER:

10)     Set forth in detail if it was negligent and a violation of state, federal or local laws for the Philadelphia Police Department to intentionally disclose Plaintiff's *statements* to Hikeem Harmon.

ANSWER:

11)     Set forth in detail if the Philadelphia Police Department was within its rights, discretion and department policy to disclose Plaintiff's *statements* to Hikeem Harmon if he <u>was</u> <u>not</u> under arrest for the crime alleged in the Plaintiff's *witness statements*?

ANSWER:

4

12)    Set forth in detail if any ballistics and/or spent shell casing were ever recovered by Philadelphia Police at or near any corner around 1500 W. Thompson Street, Philadelphia, PA on or about May 6, 2014?  If so, please explain in full detail.

ANSWER:

13)    Set forth in detail if any spent shell casings found at or near 1500 W. Thompson Street, Philadelphia, PA on or about May 6, 2014 were ever tested at a forensic lab?

ANSWER:

14)    Set forth in detail if Hikeem Harmony's firearm was ever examined against any of the spent gun shell casings found at 1500 W. Thompson Street or 100 E. Colonial Street?

ANSWER:

15)    Set forth in detail if Mark Fullman's firearm was ever examined against any of the spent gun shell casings found at or near 100 E. Colonial Street, Philadelphia, PA?

ANSWER:

16)     Set forth in detail if it was the policy of the Philadelphia Police Department to disclose Plaintiff's *statement* regarding Hikeem Harmon unlawfully discharging his firearm to his attorney because he was representing Mr. Harmon on an unrelated gun case?

ANSWER:

17)     Set forth in detail if the Philadelphia Police Department was required to offer protection to Plaintiff after he reported being intimidated, harassed and threatened for giving the said statements about the May 6, 2014 shooting.

ANSWER:

18)     Set forth in detail if a person who gives a *statement* to Philadelphia police and/or a government law enforcement officer about a suspected crime is protected by qualified privilege and/or has privacy rights.

ANSWER:

6

19)     Set forth in detail if there were ever any reports of an alleged shooting around 1500 W. Thompson Street (Corner of 15ᵗʰ & Thompson Street) in Philadelphia around midnight on or about May 6, 2014?  If so, please explain in full detail.

ANSWER:

20)     Set forth in detail if there were ever any reports of an alleged shooting around 100 East Colonial Street, Philadelphia, Pennsylvania on or about August 19, 2014?  If so, please explain in full detail.

ANSWER:

21)     Set forth in detail if any gun shell casings were ever collected at or around 100 East Colonial Street, Philadelphia, Pennsylvania on or about August 19, 2014?  If so, please explain in full detail.

ANSWER:

22)     Set forth in detail is any gun shell casings collected at or around 100 East Colonial Street, Philadelphia, Pennsylvania on or about August 19, 2014 were ever tested or examined at a forensic lab?

ANSWER:

23)     Set forth in detail if Hikeem Harmon had a Pennsylvania Concealed Carry Permit on or prior to May 6, 2014? If so, please explain in full detail.

ANSWER:

24)     Set forth in detail if Mark Fullman had a Pennsylvania Concealed Carry Permit on or prior to August 19, 2014?  If so, please explain in full detail.

ANSWER:

25)     Set forth in detail if it is correct to say that Hakeem Harmon, Mark Fullman and Thomas Fullman should have never known Plaintiff gave a *statement* to police regarding Mr. Harmon unlawfully discharging a firearm around midnight at 1500 W. Thompson Street on May 6, 2014 if he <u>was</u> <u>not</u> arrested for the alleged crime?

ANSWER:

26)     Set forth in detail whether Agent Bonner disclosed the Plaintiff's *statement* to anyone else including law enforcement or any attorneys including Hakeem Harmon's attorney?  If so, please state each person the Plaintiff's statement was disclosed to.

ANSWER:

27) Set forth in detail whether Agent Bonner ever came to Plaintiff's apartment to transport him to the Philadelphia Police Department to give a *statement* regarding the May 6, 2014 and August 19, 2014 shootings? If so, please explain in full detail.

ANSWER:

28) Set forth in detail if any Philadelphia police officers or law enforcement officers were ever disciplined for intentionally disclosing Plaintiff's *statements* to Hikeem Harmon thus causing Plaintiff to be harassed, intimidated, threatened, and called a "snitch" by Hikeem Harmon, Mark Fullman, and their friends?

ANSWER:

29) Set forth in detail if Sgt. Shaun Butts was one of the responding police officers to arrive on the 2014 Colonial Street shooting scene on or about August 19, 2014? If so, please explain in full detail.

ANSWER:

Date: May 29, 2022

Andrew Fullman
Pro Se Plaintiff

I, _____, do hereby verify that the facts as set forth in the within Interrogatories, are true and correct to the best of my personal knowledge or information and belief, and that any false statement therein are made subject to the penalties relating to unsworn falsification to authorities. See Title 28 Section 1746.

_____
Signature

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

ANDREW FULLMAN                          )        CIVIL ACTION
                                        )
                Plaintiff,              )
                                        )
        v.                              )
                                        )
CITY OF PHILADELPHIA,                   )
POLICE COMMISSIONER RICHARD ROSS, JR.,  )
EILEEN A. BONNER,                       )
JOHN DOE,                               )
                                        )
                Defendants.             )        No. 17-2673

### CERTIFICATE OF SERVICE

I, Andrew Fullman, hereby certify that on the 29th day of May, 2022, I caused a true and correct copy of

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS INCLUDING EILEEN BONNER,

CITY OF PHILADELPHIA, AND RICHARD ROSS, JR., to be served via Priority Mail upon the following:

Jeffrey Mozdziock, Esquire           Jonathan Cooper, Esquire
Deputy Attorney General              Deputy City Solicitor
1600 Arch Street, Suite 300          1515 Arch Street, 14th Floor
Philadelphia, PA 19103               City of Philadelphia Law Department
(*Attorney for Agent Eileen A. Bonner)   Philadelphia, PA 10102
                                     (*Attorney for Police Commission Richard Ross, Jr.)

Date: May 29, 2022

                                     Andrew Fullman, Plaintiff

10

# EXHIBIT B

Andrew Fullman
810 Arch Street Apt. 304
Philadelphia, PA 19107
Cell: (610) 457-9498
E-Mail: Andrewf816@gmail.com

Pro Se. Plaintiff

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW FULLMAN, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF PHILADELPHIA, | ) | |
| POLICE COMMISSIONER RICHARD ROSS, JR., | ) | |
| EILEEN A. BONNER, | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | No. 17-2673 |

### PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS ADDRESSED TO ALL DEFENDANTS

COMES NOW, the Plaintiff and, pursuant to Federal Rules of Civil Procedure 26 and 34, hereby serve his Master Request for Production of Documents and Things to all Defendants, whom shall, within thirty (30) days after the date of service, produce copies of the following documents at the Plaintiff's address. Electronically stored information shall be produced in paper form.

### INSTRUCTIONS

1.      Please produce all documents and tangible things as they are kept in the usual course of business or organize and label them to correspond with the categories or numbered requests in this set of discovery. *See* Federal Rules of Civil Procedure 33(d) and 34(b)(2)(E).

2.      If any information or material is being withheld under any claim of privilege, protection, or immunity, please state with specificity the particular privilege protection, or immunity asserted. *See* Federal Rules of Civil Procedure 26(b)(5).

3.      If Defendant cannot produce requested information or material because it is not in Defendant's possession, custody, or control, please identify the information or material, the reason the information or material is not in Defendant's possession custody, or control, and the entity currently having possession, custody, or control over the information or material.

4.      When providing a date, please provide the exact day, month, and year. If the exact date is not known, please provide the best approximation of the date and clearly note that the date is an approximation.

1

*Exhibit B*

5.      As specified by Federal Rule of Civil Procedure 34(b)(2)(E), if responsive material is in electronic, magnetic, or digital form, Plaintiff specifically requests production of such material. Plaintiff requests such material be provided on CD-ROM or compatible.

6.      In the event a proper and timely objection is filed as to any requested material, please nevertheless respond to all portions of the request which do not fall within the scope of the objection. For example, if a request is objected to on the grounds that it is too broad insofar as it seeks documents covering years Defendant believes are not relevant to this litigation, please nevertheless produce documents for all years which Defendant concedes are relevant. *See* Federal Rules of Civil Procedure 33(b)(3) and 34(b)(2)(C).

## GENERAL DEFINITIONS

As used in this set of discovery, the following terms mean:

1.      The term "documents" is defined to have the same meaning and to be equal in scope to the terms "documents" and "electronically stored information" as used in Federal Rule of Civil Procedure 34(a).

2.      "You" and/or "You" refers to Defendants herein and to all other persons acting or purporting to act on behalf of Defendants, including agents and employees.

3.      "Communications" shall mean all inquiries, discussions, conversation, negotiations, agreements, understandings, meetings, telephone conversations, letters, correspondence, notes, telegrams, facsimiles, text message, e-mail, or other forms of verbal and/or communicative intercourse.

4.      "Persons" means an individual, corporation, associations, company, organization, or any form of a business or commercial entity.

5.      For purpose of this discovery request "Identify" is defined as the following:
        (1)      *when used with respect to an individual,* means to state (a) their name; (b) business affiliation and official title and/or position; and (c) their last known residential and business address.
        (2)      *when used with respect to a document,* means to state (a) the type of document (e.g. letter, memorandum, hand-written note, facsimile, text message, e-mail); (b) its date of origin or creation; (c) its author and addressee; (d) its last known custodian or locations; and (e) a brief description of its subject matter and size. In lieu of identifying any document(s), you may attach a copy of it to your answer, indicating the question to which it is responsive.

6.      "Relate to" means consist of, refer to, reflect or be in any way logically connected with the matter discussed.

7.      The period of time encompassed by these requests shall be from the date of the alleged incident to the date of answering, unless otherwise indicated. Note, this request is continuing up to and at the time of trial.

8.      For purposes of the Rule, a statement includes:
        (a)      A written statement, signed or otherwise adopted or approved by the person making it, or
        (b)      A stenographic, mechanical, electronic, video graphic or other recording, or a transcript thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

2

<u>Plaintiff's Master Requests for</u>
<u>Production of Documents and Things to ALL Defendants</u>

1.      Produce any documents identified in, referred to or relied on in responding to Plaintiff's Interrogatories served in this matter.

2.      Produce any written or recorded statements by anyone referenced in your answers to the Interrogatory immediately above.

3.      Produce any and all documents and tangible things, relating to laws, privacy rights, protection rights, privilege rights, confidentiality, policy, rules, statutes, laws and department procedures governing citizen's *witness statements* taken regarding alleged shootings in Philadelphia by the Philadelphia Police Department.

4.      Please produce any and all documents and tangible things, including reports, police reports, letters, e-mails, communications, pictures, interviews involving Mark Fullman relating to the alleged shooting on or about August 19, 2014 which allegedly occurred in a driveway behind houses around 100 East Colonial Street, Philadelphia, Pennsylvania.

5.      Please produce any and all documents and tangible things, including reports, police reports, district control numbers, letters, e-mails, communications, pictures relating to any spent shell casings recovered at or around the alleged crime scene in driveway behind houses around 100 East Colonial Street, after the alleged shooting on or about August 19, 2014.

6.      Please produce any and all documents and tangible things, including reports, police reports, letters, e-mails, communications, pictures, interviews relating to any other suspects with respect to the alleged shooting on or about August 19, 2014 in a driveway behind houses around 100 East Colonial Street, Philadelphia, Pennsylvania.

7.      Please produce any and all documents and tangible things, including reports, police reports, letters, e-mails, communications, pictures, interviews involving Hikeem Harmon relating to the alleged shooting on or about May 6, 2014 around 1500 West Thompson Street (Corner of 15th & Thompson Streets), Philadelphia, Pennsylvania.

8.      Please produce any and all documents and tangible things, including reports, police reports, district control numbers, letters, e-mails, communications, pictures, tests, interviews relating to all ballistic and forensic testing conducted on all or any relevant firearms owned by Mark Fullman.

9.      Please produce any and all documents and tangible things, including reports, police reports, district control numbers, letters, e-mails, communications, pictures, tests, interviews relating to all ballistic and forensic testing conducted on all or any relevant firearms owned by Hikeem Harmony.

10.     Please produce any and all documents and tangible things, including reports, police reports, district control numbers, letters, e-mails, communications, ballistic tests, pictures relating to any spent shell casings recovered at or near 1500 West Thompson Street (Corner of 15th & Thompson Streets), Philadelphia, Pennsylvania after the alleged shooting around midnight on or about May 6, 2014.

11.     Please produce any and all documents and tangible things, including reports, police reports, district control numbers, letters, e-mails, communications, ballistic tests, forensic tests, pictures relating to Hikeem Harmon's alleged confiscated firearm, and/or from any property damage from the alleged gunshots reported in connection to the alleged shooting around midnight on or about May 6, 2014 around 1500 West Thompson Street, Philadelphia, Pennsylvania.

12.    Please produce any and all documents and tangible things, including reports, police reports, district control numbers, letters, e-mails, communications, ballistic tests, pictures relating to any property damage from any gunshots reported in connection to the alleged shooting on or about August 19, 2014 in a driveway behind houses around 100 East Colonial Street, Philadelphia, Pennsylvania.

13.    Please produce any and ALL statements and communications of all witnesses, including taped recordings, whether transcribed or not, as well as ALL written statements relating to the alleged shooting on or about August 19, 2014 in the driveway behind houses around 100 East Colonial Street, Philadelphia, Pennsylvania.

14.    Please produce any and all statements and communications of all witnesses, including taped recordings, whether transcribed or not, as well as all written statements relating to the alleged shooting on or about May 6, 2014 around 1500 W. Thompson Street (Corner of 15th & Thompson St.), Philadelphia, Pennsylvania.

15.    Please produce any and all documents and tangible things, including reports, police reports, district control numbers, letters, e-mails and communications containing the name, home and business addresses of all individuals contacted as potential witnesses relating to the alleged shooting on or about May 6, 2014 around 1500 W. Thompson Street (Corner of 15th & Thompson Streets), Philadelphia, Pennsylvania.

16.    Please produce any and all documents and tangible things, including reports, police reports, letters, e-mails and communications containing the name, home and business addresses of all individuals contacted as potential witnesses relating to the alleged shooting on or about August 19, 2014 in driveway behind houses around 100 East Colonial Street, Philadelphia, Pennsylvania.

17.    Please produce any and all surveillance video coverage of the incident complained of in lawsuit including the alleged shooting and suspects Mark Fullman and Hikeem Harmon running into the Plaintiff's apartment building along with any video coverage of the said suspects later getting into Mark Fullman's Green Honda and driving away after the alleged shooting around midnight on or about May 6, 2014.

18.    Please produce a true and correct copy of the *statement(s)* Plaintiff gave to Eileen M. Bonner relating to Hikeem Harmon unlawfully discharging a black .380-caliber automatic handgun into an occupied house and a car around midnight on or about May 6, 2014.

19.    Please produce a true and correct copy of any and all *statements* the Plaintiff gave relating to Mark Fullman admitting to unlawfully discharging his black .22-caliber automatic handgun along with his friends, in a driveway behind houses around 100 East Colonial Street, Philadelphia, Pennsylvania, on or about August 19, 2014.

20.    Please produce all documents and tangible things, created by any of Defendant's employees, former employees, or representatives at any time, that refer to any documents or tangible things responsive to the Request for Production immediately above.

21.    Please produce any and all documents and tangible things, including reports, police reports, district control numbers, letters, telegrams, e-mails and communications in possession at the Philadelphia Police Department and the Internal Affairs Division relating to Plaintiff's letters to Philadelphia Police Commissioner Richard Ross, Jr., and/or his representative(s) regarding the alleged shooting on or about August 19, 2014, in a driveway behind houses around 100 East Colonial Street, Philadelphia, Pennsylvania.

22.    Please produce any and all documents and tangible things, including reports, police reports, letters, telegrams, e-mails and communications in possession at the Philadelphia Police Department and the Internal Affairs Division relating to the Plaintiff's letters to Philadelphia Police Commissioner Richard Ross, Jr., and/or any representatives regarding the alleged shooting around midnight on or about May 6, 2014, at or near 1500 West Thompson Street (Corner of 15th & Thompson Streets), Philadelphia, Pennsylvania.

23.    Please produce any and all documents and tangible things, including reports, police reports, district control numbers, letters, telegrams, e-mails and communications in possession at the Philadelphia Police Department and Internal Affairs Division relating to any letters or communications with the Plaintiff regarding his Complaints alleging obstruction of justice and a cover-up of the said shooting in the driveway behind houses around 100 East Colonial Street, Philadelphia, Pennsylvania.

24.    Please produce any and all documents and tangible things, including reports, police reports, district control numbers, letters, response letters, telegrams, e-mails and communication in possession at the Philadelphia Police Department and/or Internal Affairs Division relating to Plaintiff's letters to Philadelphia Police Commissioner Richard Ross, Jr., and/or his representatives thus complaining of obstruction of justice against the Philadelphia Police Department, and the cover-up of the alleged shooting on or about August 19, 2014 in a driveway behind houses around 100 East Colonial Street, Philadelphia, Pennsylvania.

25.    Please produce any and all documents and tangible things, including reports, police reports, district control numbers, letters, response letters, investigative reports, telegrams, e-mail and communication in possession at the Internal Affairs Division regarding their investigation of the alleged shooting on or about August 19, 2014 in a driveway behind houses around 100 East Colonial Street, Philadelphia, Pennsylvania.

26.    Please produce any and all documents and tangible things, including reports, police reports, district control numbers, letters, telegrams, e-mails and communications in possession at the Philadelphia Police Department and Internal Affairs Division relating to any letters or communications with the Plaintiff regarding his Complaints alleging obstruction of justice and the cover-up of the said shooting on or about May 6, 2014 around 1500 West Thompson Street, Philadelphia, Pennsylvania.

27.    Please produce any and all documents and tangible things, including reports, police reports, district control numbers, letters, telegrams, e-mails and communications in possession at the Philadelphia Police Department and Internal Affairs Division relating to any letters and/or communications with Plaintiff regarding his complaints alleging the disclosure of the statement he was tricked into giving at the Philadelphia Police Department regarding the alleged shooting around 1500 West Thompson Street, Philadelphia, Pennsylvania.

28.    Please produce any and all documents and tangible things, including reports, police reports, district control numbers, letters, e-mails and communications in possession at the Philadelphia Police Department and their Internal Affairs Division relating to the alleged shooting on or about August 19, 2014 in a driveway behind houses around 100 East Colonial Street, Philadelphia, Pennsylvania.

29.    Please produce any and all documents and tangible things, including reports, police reports, 911 Philadelphia police dispatcher district control numbers, letters, e-mails and communications in possession at the Philadelphia Police Department and their Internal Affairs Division relating to the alleged shooting on or about May 6, 2014 around 1500 W. Thompson Street (Corner of 15th & Thompson Street, Philadelphia, Pennsylvania.

30.    Please produce the full names of the suspected shooters relating to the alleged shooting on or about August 19, 2014 in driveway behind houses around 100 East Colonial Street, Philadelphia, Pennsylvania.

31.    Please produce the full name and badge number of the Philadelphia police officer who alleged that he saw a gun on Plaintiff at the Philadelphia Police 35th District on or about August 23, 2016 thus patting him down while he was having a Protection from Abuse (PFA) served on Mark Fullman (Report No. 51753, D.C. # 073218).

32.    Please produce any handbook, manual, policy or practices to be followed when a witness gives a *witness statemen* regarding a shooting crime in Philadelphia, Pennsylvania.

Andrew Fullman
810 Arch Street, Apt. 304
Philadelphia, PA 19107
Cell: (610) 457-9498
E-Mail: Andrewf816@gmail.com

Pro Se, Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW FULLMAN, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF PHILADELPHIA, | ) | |
| POLICE COMMISSIONER RICHARD ROSS, JR., | ) | |
| EILEEN A. BONNER, | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | No. 17-2673 |

## CERTIFICATE OF SERVICE

I, Andrew Fullman, hereby certify that on the 29th day of May, 2022, I caused a true and correct copy of

PLAINTIFF'S MASTER REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS ADDRESSED TO

ALL DEFENDANTS to be served via First Class Mail upon the following:

Jeffrey Mozdziock, Esquire
Deputy Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
(*Attorney for Agent Eileen M. Bonner)

Jonathan Cooper, Esquire
Deputy City Solicitor
1515 Arch Street, 14th Floor
City of Philadelphia Law Department
Philadelphia, PA 19102
(215) 683-5448
(Attorney for Police Commissioner Richard Ross, Jr.)

Date: May 29, 2022

Andrew Fullman, Plaintiff

7